UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24135-CV-SEITZ
(03-20906-CR-SEITZ)

ROBERT CHARLES LAMONS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER DENYING MOTION TO VACATE

**THIS CAUSE** is before the Court on Movant's *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255. [DE 1]. Movant attacks the constitutionality of his convictions and sentences for Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c) and Conspiracy to Use and Carry a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(o). [DE 1 at 4]. Movant's convictions were entered following a guilty plea, in **Case No. 03-20906-CR-SEITZ**. [CR-DE 18].[1]

---

[1] Citations to "[DE]" refer to docket entries in this federal habeas case, Case No. 19-24135-CV-SEITZ. Citations to "[CR-DE]" refer to docket entries in Movant's underlying criminal case, Case No. 03-20906-CR-SEITZ. Citations to [CV1-DE] refer to docket entries in civil Case No. 17-21538-CV-SEITZ.

Movant brings this action in light of *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319 (2019), claiming that his § 924(o) conviction and § 924(c) convictions he pled to in Counts 2, 4, 6, and 8 each relied on 924(c)(3)(B)'s invalidated residual clause. [DE 1 at 4]. However, Movant's three § 924(c) convictions were alternatively based on substantive Hobbs Act Robbery charges, and Movant's § 924(o) conviction rested solely on substantive Hobbs Act Robbery [CR-DE 1, 11, 12], which qualifies post-*Davis* under the unaffected elements clause of § 924(c)(3)(A) as a crime of violence.

Accordingly, after careful consideration of Movant's Motion [DE 1], the Government's Response to the Court's Order to Show Cause [DE 8], Movant's Reply [DE 9], and review of the record in the underlying criminal case, the Court must **DENY** the Motion because, as will be discussed below, Movant's § 924(c) convictions were alternatively predicated on crimes of violence and Movant's § 924(o) conviction was solely predicated on crimes of violence.

## I. Pertinent Procedural Background

On January 21, 2004, at the conclusion of a plea colloquy, Movant pleaded guilty to (Count 1) Conspiracy to Commit Hobbs Act robbery under 18 U.S.C. § 1951(a); (Count 2) Conspiracy to Use and Carry a Firearm in Relation to a Crime

of Violence under 18 U.S.C. § 924(o)[2]; (Counts 3, 5, & 7) Hobbs Act Robbery under 18 U.S.C. § 1951(a); and (Counts 4, 6, & 8) Possession of a Firearm in Furtherance of a Crime of Violence under 18 U.S.C. § 924(c)(1)(A).[3] [CR-DE 10].

Movant also signed a plea agreement and a sworn factual proffer. [CR-DE 11, 12]. In the sworn factual proffer, Movant stipulated to the following facts:

> On October 2, 2001, two masked men robbed a Brinks guard of $585,000 as he tried to deliver the money to a First Union Bank on 167th Avenue Miami-Dade County. When the guard entered the bank, one of the robbers restrained the guard, and the other robber took the bag full of money. Both men were armed. The men fled from the scene in a stolen car that was driven by Robert Lamons. This car was later found burning several miles from the bank. Approximately $585,000 was lost in the robbery.
>
> On June 12, 2002, two armed men robbed another Brinks guard of $285,000 while he was delivering money to a Washington Mutual on NW 7th Avenue. Again, one of the robbers restrained the guard, taking his gun, while another robber took the money satchel. The men fled in a stolen car that was driven by Lamons, who was acting as a lookout at the time. Lamons was armed with a Glock handgun. This car was later found ablaze several miles away. Approximately $285,000 was lost in this robbery. Lamons received between $60,000 and $80,000 of the money.
>
> On November 20, 2002, Lamons, who was armed with a Glock handgun, and another armed man approached another Brinks guard from behind as he entered a Wachovia bank on Ives Dairy Road to deliver money. The guard saw the robbers before they were able to restrain him and began to flee. The robbers quickly caught up to him

---

[2] Count 2 was predicated on Counts 3, 5, & 7. [CR-DE 1 at 1-2].

[3] Count 4 was based on Counts 1 and 3. [CR-DE 1 at 3]. Count 6 rested on Counts 1 and 5. [*Id*. at 3-4]. Count 8 was predicated on Counts 1 and 7. [*Id*. at 4-5].

and the other robber then struck the guard in the head with the butt of his handgun. As he did, the robber's gun went off, grazing the guard. The getaway car was later found ablaze several miles away. Approximately $229,000 was lost in this robbery. Lamons received between approximately $40,000 to $50,000 in the robbery.

In a post *Miranda* statement, Lamons admitted that he conspired with Michael McCarthy, Terrence Brown and Ishameal Paul to carry out each of the three armed robberies described above. He further admitted that during each of the three robberies, the robbers were armed with handguns and that was part of their plan to overpower the guards and steal the money. Additionally, some or all of the robbers wore bulletproof vests for protection. Lamons further stated that, in the November 2002 robbery, McCarthy's gun discharged accidently when the guard reached for his handgun. In in all of the robberies the guns were brandished at the guards so that they would not resist when the money was taken from them.

[CR-DE 11].

On May 21, 2004, the District Court Judge sentenced Movant to a total of 852 months' imprisonment [CR-DE 17], and Judgment was entered. [CR-DE 18].

On March 6, 2006, Respondent filed a Motion for a Reduction of Sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. [CR-DE 31]. During a re-sentencing hearing held on April 19, 2006, Movant was re-sentenced to a total of 426 months' imprisonment. [CR-DE 37]. Specifically, Movant was sentenced to 84 months' imprisonment as to Counts 1 through 3, Count 5, and Count 7, to run concurrent with each other; 42 months' imprisonment as to Count 4, to run consecutive to Counts 1 through 3, Count 5, and Count 7; 150 months'

4

imprisonment as to Count 6 to run consecutive to Count 4; and 150 months' imprisonment as to Count 8 to run consecutively to Count 6. [*Id.*].

On April 24, 2017, Movant filed "correspondence" requesting that two of his § 924(c) sentences be vacated on equitable grounds in Case No. 17-21538-CV-SEITZ. [CV1-DE 1]. On June 16, 2017, Movant's filing was dismissed without prejudice. [CV1-DE 8].[4]

On October 4, 2019, Movant filed the instant *pro se* Motion to Vacate pursuant to 18 U.S.C. § 2255. [DE 1].

## II. Timeliness of the Motion to Vacate

Respondent correctly concedes that the instant motion [DE 1] is timely, pursuant to 28 U.S.C. § 2255(f)(3), because the effective date of filing is within one year of the Supreme Court's retroactively applicable decision in *Davis*. *See, e.g., Berry v. United States*, 468 F. App'x 924, 925 (11th Cir. 2012) (per curiam) (quoting 28 U.S.C. § 2255(f)(3)).

---

[4] On August 29, 2019, Movant filed an application for leave to file a second or successive motion to vacate sentence in the Eleventh Circuit Court of Appeals. *In re: Robert Lamons*, Emergency Application, No. 19-13360 (11th Cir. Aug. 29, 2019). The Eleventh Circuit held that, because Movant's correspondence was dismissed without prejudice in Case No. 17-21538-CV-SEITZ, his proposed § 2555 motion was not second or successive within the meaning of the statute. *See In re: Lamons*, 2019 U.S. App. LEXIS 28871 *3 (11th Cir. Sept. 24, 2019).

5

### III. Standard of Review

A prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255(a). Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *see also McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232-33 (11th Cir. 2004) (citations and internal quotations omitted). If a court finds a claim under § 2255 to be valid, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as appropriate. 28 U.S.C. § 2255(b).

## IV. Movant's Claims

In summary, Movant contends that his three § 924(c) convictions and § 924(o) conviction were the result of an unconstitutionally vague statute in light of *Davis*. [DE 1].

In Movant's Motion to Vacate, he claims that the § 924(c) charges in Count 4, 6, and 8, were each predicated on the Hobbs Act conspiracy in Count 1, and the Hobbs Act robberies in Counts 3, 5, and 7, respectively. [DE 1 at 4]. Specifically, he claims that the § 924(o) conviction in Count 2 and the § 924(c) convictions in Counts 4, 6, and 8, each relied on § 924(c)(3)(B)'s invalidated residual clause. [*Id.*]. He appears to claim that the § 924(o) conviction was predicated on conspiracy to use and carry a firearm during and in relation to a crime of violence in Count 1, and the other three § 924(c) Counts were predicated in part on the conspiracy to commit Hobbs Act robbery offense in Count 1, which does not qualify as a crime of violence under § 924(c)(3)(A)'s element clause. [*Id.*].

Respondent asserts, instead, that Movant's argument fails on the merits since his § 924(c) convictions were alternatively predicated on the substantive Hobbs Act robberies—which qualifies post-*Davis* under the unaffected elements clause of § 924(c)(3)(A) as a crime of violence. [DE 8 at 1]; [CR-DE 1, 11, 12]. Further,

Movant's § 924(o) conviction was solely predicated on the substantive Hobbs Act Robberies. [CR-DE 1, 11, 12].

In Movant's Reply,[5] he argues that as an initial matter, the government's assessment does not include whether the Hobbs Act is vulnerable to a *Mathis v. United States*[6] type analysis in the wake of *Johnson*,[7] *Dimaya*,[8] and *United States v. Davis*. [DE 9 at 1]. Specifically, Movant asserts that, because the Information as to each § 924(c) count alleges Count 1 (Conspiracy to Commit Hobbs Act Robbery) as the predicate for the § 924(c) convictions in part, his § 924(c) convictions are invalid under *Davis*. [*Id*. at 7].

Movant also asserts that each count, alternatively rests on substantive Interference with commerce by robbery as the predicate offense. [*Id*.]. In conjunction, he asserts that reasonable jurists would find that Interference with commerce by threats or violence is not categorically a crime of violence under the elements clause of § 924(c)(3) because the offense can be committed by way of

---

[5] Movant's Reply is titled, "Pro-Se Petitioner's Response in Opposition to the Government's Answer and Memorandum of Fact and Law in Opposition to the Motion to Vacate Sentence pursuant to § 2255." [DE 9].

[6] *Mathis v. United* States, 136 S. Ct. 2243 (2016).

[7] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

[8] *Sessions v. Dimaya*, 138 S. Ct. 1204 (2017).

which does not require "physical force" within the meaning of § 924(c)(3). [*Id.*]. In essence, Movant contends that a Hobbs Act Robbery can be committed in a non-violent way, and, therefore, should not be considered a crime of violence under § 924(c)(3). [*Id.* at 8-9].

However, as discussed below, Movant's arguments are without merit.

## V. Discussion

As an introductory matter, 18 U.S.C. § 924(c) provides for separate, additional consequences if a person uses or carries a firearm during and in relation to a crime of violence or possesses a firearm in furtherance of such crimes. *See* 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is later defined in two subparts, § 924(c)(3)(A), colloquially known as the "elements clause," and § 924(c)(3)(B), the "residual clause."

On June 24, 2019, the Supreme Court of the United States in *Davis* held that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. *See Davis*, 139 S. Ct. at 2336. However, *Davis* left intact the § 924(c)(3)(A) "elements clause." *See id*.

Here, Movant pleaded guilty to three counts of substantive Hobbs Act robbery (Counts 3, 5, & 7), to three counts of Brandishing a Firearm in Furtherance of a Crime of Violence (Counts 4, 6, & 8), and to Conspiracy to Use and Carry a Firearm in relation to a Crime of Violence (Count 1). [CR-DE 1, 11, 12, 18, 37].

"A federal prisoner raising a *Davis* claim cannot show that he was sentenced under § 924(c)'s residual clause if current binding precedent clearly establishes his predicate offense qualifies as a crime of violence under the elements clause." *Levatte v. United States*, No. 16-17685, 2020 WL 823889, at *1 (11th Cir. Feb. 19, 2020) (citing *In re Pollard*, 931 F.3d 1318, 1321 (11th Cir. 2019)). Notably, **conspiracy** to commit Hobbs Act robbery is not a crime of violence under the elements clause. *See Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019). However, Hobbs Act robbery is a "crime of violence" under the "elements clause" of § 924(c)(3)(A). *See United States v. St. Hubert*, 909 F.3d 335, 351-53 (11th Cir. 2018).

Each of Movant's § 924(c) convictions (Counts 4, 6, & 8) were predicated on his convictions for conspiracy to commit Hobbs Act robbery (Count 1) and for the commission of three substantive Hobbs Act robberies (Counts 3, 5, & 7). [CR-DE 1, 11, 12]. His § 924(o) conviction was solely predicated on his convictions for the commission of the three substantive Hobbs Act robberies (Counts 3, 5, & 7). [*Id.*].

Accordingly, Movant cannot meet his burden of showing that his § 924(c) convictions resulted solely from its invalidated residual clause. The Information makes clear that these convictions were also predicated on three substantive Hobbs

10

Act robbery offenses. [CR-DE 1]. Further, Movant cannot meet his burden of showing that his § 924(o) conviction resulted from § 924(c)'s invalidated residual clause. The Information makes clear that this conviction was predicated solely on the three substantive Hobbs Act robbery offenses. [CR-DE 1]. Accordingly, Movant's challenge to his § 924(c) convictions and § 924(o) conviction fails.

Further, this case is comparable to a recent Eleventh Circuit Case, *In Re Clark*, No. 19-14569, 2019 U.S. App. LEXIS 37053 (11th Cir. Dec. 13, 2019). In *Clarke*, movant pled guilty to a superseding indictment, charging him with (1) conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), (2) Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2, and (3) the use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c). *Id*. The superseding indictment predicated Clarke's § 924(c) count on the conspiracy to commit Hobbs Act Robbery and the substantive Hobbs Act robbery. *Id*.

Ultimately, the Eleventh Circuit found that Clarke's § 924(c) conviction was independently supported by the substantive Hobbs Act robbery. *Id.* at *4-5. As a result, the Eleventh Circuit held that Clarke could not benefit from the rule announced in *Davis*, and the Court denied Clarke's motion because he could not establish a *prima facie* showing that he would be entitled to relief. *Id.* at *5-6.

Here, as in *Clarke*, Movant's plea to the substantive Hobbs Act robberies

11

and his factual proffer independently support his § 924(c) convictions and § 924(o) conviction. [CR-DE 11, 12]. In Movant's factual proffer, he stipulated to the facts of the Hobbs Act robberies and that some or all of the robbers were armed during the robberies. [CR-DE 11]. Further, the Information predicated his § 924(c) counts on both the conspiracy to commit Hobbs Act robbery and the substantive Hobbs Act robberies, and the § 924(o) conviction was predicated solely on the Hobbs Act robberies. [CR-DE 1].

Because the substantive Hobbs Act robberies independently support Movant's § 924(c) convictions and because Movant's § 924(o) conviction is solely predicated on the substantive Hobbs Act robberies, Movant is not entitled to relief under *Davis*. Therefore, the Motion is denied on the merits.

## VI. Evidentiary Hearing

Movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. *See Diveroli v. United States*, 803 F.3d 1258, 1263 (11th Cir. 2015).

However, district courts "need not hold a hearing if the allegations are 'patently frivolous,' based upon 'unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Diveroli*, 803 F.3d at 1263 (relying upon *Winthrop-*

*Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)); *see also Cf. Schriro v. Landrigan*, 550 U.S. 465, 473-75 (2007) (holding that if the record refutes the factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing in a § 2254 context).

Here, Movant cannot show an evidentiary hearing would prove he is entitled to relief because there are no facts in dispute. Movant pleaded guilty and agreed to the factual proffer, which established the undisputed facts. Thus, he is not entitled to an evidentiary hearing.

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must first obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). Furthermore, to merit a certificate of appealability, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)*; see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

13

In this case, there is no basis to issue a certificate of appealability. Therefore, it is denied.

For the reasons discussed above, it is hereby

**ORDERED** that:

(1) Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence **[DE 1]** is **DENIED**;

(2) No certificate of appealability shall issue;

(3) To the extent not otherwise disposed of, all pending motions are **DENIED AS MOOT**; and

(4) The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** at Miami, Florida, on September, 1, 2020.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  **Robert Charles Lamons**
     63391-004
     Bennettsville
     Federal Correctional Institution
     Inmate Mail/Parcels
     Post Office Box 52020
     Bennettsville, SC 29512
     PRO SE

**T Haggerty**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: Thomas.haggerty@usdoj.gov